# AMENDED PETITION UNDER 28 U.S.C 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY
## UNITED STATES DISTRICT COURT
## DISTRICT: MIDDLE

LEGAL MAIL
Provided to Florida State Prison on
4/6/20 for mailing by _____

**MARQUIES A BRISBANE,**
Petitioner,

v

Case No.: **6:20-CV-00399-PGB-LRH**
**6:20-CV-399-ORL-40LRH**

**STATE OF FLORIDA,**
Respondent.

2020 APR -9 PM 3:19 FILED

## THE ATTORNEY GENERAL OF THE STATE OF FLORIDA.
### "AMENDED PETITION"

1.) A.) Name and location of Court that entered the judgment of conviction you are challenging: NINTH JUDICIAL CIRCUIT COURT OF ORANGE COUNTY, FLORIDA

B.) Case No.# 2011-CF-15194-A-0

2.) A.) Date of the judgment of conviction: July 11th, 2012.

B.) date of sentence: July 20th, 2012.

3.) Length of sentence: 30 Years

4.) In this case were you convicted of more than one count?: Yes

5.) The Crimes I was convicted and sentenced to in this case: Robbery with firearm(Count 1), Aggravated assault with a forearm(Count 2), and

1

Possession of firearm(Count 3)

6.) A.) What was your plea? Not Guilty

B.) I had a Jury trial.

7.) I did not testify at pretrial, trial, or post trial hearing.

8.) Yes, I appealed from the judgment of conviction

9.) A.) the name of the court I appealed to is: The fifth district Court of appeals

B.) Case no.#:5D12-3009

C.) Result: Affirmed

D.) Date of Result: September 13th, 2013

E.) grounds raised; Judgment of acquittal should have been granted, due to the insufficient evidence.

F.) I did not seek further review by a higher court

G.) I did not file a petition for Certiorari in the United States Supreme Court

10.) Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motion concerning this judgment of conviction in any State Court? Yes

11.) A.) 1.) Name of Court: NINTH JUDICIAL CIRCUIT COURT OF ORANGE COUNTY FLORIDA

2.) CASE NO.#:2011-CF-15194-A-0

3.) Date of filing: 02/03/2014

4.) Nature of proceedings: Post-Conviction relief 3.850

2

5.) Grounds raised under 3.850 Post-Conviction relief:

1- Trial counsel deprived Defendant of his rights to a fair trial and due process when counsel failed to investigate and present evidence to corroborate and bolster the defense theory.

2- Trial Counsel deprived defendant of his right to a fair trial and due process when counsel unreasonably advised defendant not to testify. 3- trial counsel deprived defendant of his right to a fair trial and due process by conceding, without defendants' consent, that the charged offenses had been committed with a firearm and that the State had proven the offenses were committed with a firearm.

4- Trial Counsel failed to protect defendants' rights to a fair trial and due process by failing to file a motion for mistrial or new trial after the court sustained counsels' objections to the introductory of backdoor hearsay by the State.

5- Trial counsel failed to protect Defendants rights to a fair trial and due process when counsel failed to object to Prosecutors improper closing arguments.

6.) I was given an evidentiary hearing and new evidence was submitted from this motion.

7.) result: Denied/Affirmed

8.) Date of Results: 04/26/2019

B.) I appeal to the highest Court having Jurisdiction over the action of the Post-Conviction motion filed

C.) I filed a motion for ineffective appellate counsel

3

1- Name of Court: Fifth District Court of appeals

2- Case No.#: 5D15-1945

3- Date of Filing; 06/04/2015

4- Name of Proceeding: Ineffective assistance of appellate counsel.

5- Grounds Raised:

1.) Appellate Counsel was ineffective for failing to raise preserved constitutional error on direct appeal for the violation of defendants' rights to confrontation by the introduction of backdoor hearsay statement of not testifying witness.

2.) Appellate counsel was ineffective for failing to raise preserved constitutional error on direct appeal for violation of defendants right to remain silent by trial counsel conceding the defendant's guilt without his consent.

> 6- I did not receive a hearing on this motion
>
> 7- Results: Affirmed
>
> 8- Date of results: 05/06/2016
>
> D.)    Yes, I appeal to the highest Court having jurisdiction over the action taken on my motion

1- First petition: Yes

2- Second petition; yes

3- Third petition: Yes

4

## GROUNDS RAISED ON THIS PETITION

## GROUND ONE

12.)    A.) petitioner contends that the court erred in the violation of the confrontation clause of the United States Constitution, Sixth Amendment.

## GROUND ONE: SUPPORTING FACTS PART ONE

prior to opening statements at trial, the Honorable Judge granted the defenses motion in limine to preclude the introduction of statements made by the non-testifying co-defendant in this case. (T. Page. 7:5-11) the Courts Erred in the violation of the confrontation clause of the United States Constitution, Sixth Amendment by allowing the state to recite to the jury that a non-testifying co-defendant "Brian Hatten" has made statements to law enforcement (T. Page 61;19-62;25) and although trial counsel objection[s] was sustained the State continued to build backdoor hearsay one block at a time. (see t. Pg. 63:4-5) Where State asked Detective Rene Ingoglia who she interviewed, and she responded "Brian Hatten" then the detective replied that he had relayed that information from the co-defendant to the next detective (T. 64;7-10). And counsel again objected to the building blocks of hearsay and the Court sustained (T.65:4-7) The next detective Jenarine specifically testified that he was given statements by detective Rene Ingoglia and after being asked to explain what follow up investigation he performed (T.67:6-8) counsel objected and his objection was immediately sustained.

Petitioner contends that the connect the dots introduction to statements of a non-testifying co-defendant lead to the State leading the jury to consider that this non-

5

testifying co-defendant statements lead to the petitioner being placed in a photo lineup as a suspect to the alleged crime (T.213;3-18).

For these reasons Petitioner contends that his right to cross examine and his right to confrontation is defeated.

The petitioner argued these facts in his 3.850 post-conviction relief motion under (Issue #6), Stated as 'trial counsel failed to protect his right to a fair trial and due process by failing to file motion for mistrial or new trial after Courts sustained counsel's objection s to the introductions of backdoor hearsay by the State."

In this issue petition specifically went through the connect the dots argument of the state to introduce statements from a non-testifying co-defendant. And by the State misinterpreting the petitioner argument the ground was denied. Petitioner ask that this Court grant him relief for a new trial due to the violation of his US constitution right to confrontation clause Sixth Amendment.

### GROUND ONE: SUPPORTING FACTS PART TWO

Petitioner argues that his right to confrontation clause under the US Constitution Sixth Amendment, was violated when the court allowed the state to make improper closing argument regarding a non-testifying co-defendant. The state argued the following:

(T.213:3-18)

> State: Detective Brunner then arrives on scene, talks to everyone at the gas station, and obtains the video in this case. She then, in effort to try to figure out who these

6

two people are, Mr. Hatten and Mr. Brisbane- in effort to try to figure out the identity of these two people she releases the video as well as the still images to the media. "you should **consider** the fact that Mr. Hatten only comes forward two days after this incident." After two days that this media report has been out there, the video has been out there and still images has been out there, only then does Mr. Hatten come forward and give a statement to Detective Ingoglia. After that statement is complete, the Detective- the next Detective in this case, Detective Jenarine, then creates the photo line-up and gives it to Mr. Singleton (the victim).

Based off the state collectively operated statements instructing the jury to "consider" the out of court statement of a non-testifying co-defendant Brian Hatten- the Petitioners right for confrontation clause of the US Constitution Sixth Amendment was violated. Without the co-defendant testifying this deprived the petitioner the right to cross examine and challenge the states argument and statement that the state instructs the jury to "Consider" the statement Brian Hatten a non-testifying co-defendant made. Therefore, the jury is led to believe that a statement was given to the investigating Detective from a second suspect that implemented a photo line-up being made and the petitioner being the only suspect of the two being tried. Thus, providing the jury with an unlawful Fundamental base that goes to the foundation of the case to find the petitioner guilty.

The petitioner argued part-two of this issue in a motion for post-conviction relief 3.850- under (issue7; c) stating that trial counsel failed to protect defendants' rights to a

7

fair trial and due process when counsel failed to object to the prosecutors improper closing arguments. And base off these factual constitutional errors this ground shall be granted and reverse for a new trial.

## GROUND TWO

Petitioner Constitution right to a fair trial and due process under the fourteenth amendment was violated when trial counsel failed to investigate and present evidence to corroborate and bolster the defense theory. And violated petitioner Sixth Amendment Constitutional right to effective assistance of counsel.

## GROUND TWO SUPPORTING FACTS

Prior to trial petitioner relied witnesses, and phone #s, and addresses to those witnesses to counsel to present evidence to corroborate and bolster his defense of misidentification. The names of the witnesses Charles Thomas, and Shyana Tanner Conyers. Counsels failure to even attempt to contact and weigh the evidence of petitioner's witness deprived the petitioner of a right of a fair trial and due process. Trial counsel also deprived the petitioner of due process. Trial counsel also deprived petitioner of due process by not presenting available prior booking photos minus booking number to bolster the petitioners defense theory that he had multiple tattoos in his face prior to the alleged robbery and the victim misidentified him by not mentioning any of those tattoos.

## GROUND THREE

Petitioner Fourteenth Amendment Constitutional right was violated, when trial counsel deprived petitioner of his right a fair trial and due process by unreasonably advising defendant no to testify. And petitioner Sixth Amendment Constitutional right to effective assistance of counsel was defeated.

## GROUND THREE SUPPORTING FACTS

trial counsel did not adequately discuss with petitioner the advantages and disadvantages of choosing not to testify and provide testimony of when I received the tattoos on my face, or where I was during the time the offense was committed.

Since counsel did not present any evidence or the petitioner own witness that he provided counsel, to bolster petitioners defense theory of misidentification. Petitioner contends his own testimony would have challenged the states arguments and bolstered his defense.

## GROUND FOUR

Petitioners Constitutional right to remain silent under the fifth amendment and petitioners fourteenth and sixth amendment right to a fair trial and due process and right to effective assistance of counsel was violated by trial counsel, without defendants consent, that the charged offenses had been committed with a fire arm, and that the State had proving the offenses were committed with a fire arm, and that the petitioner had committed the crime.

9

## GROUND FOUR SUPPORTING FACTS

A.) During the trial petitioner had a bifurcated deliberation for possession of a fire arm and a deliberation for robbery with fire arm and aggravated assault with a fire arm. Petitioner plead not guilty to all charges of offenses and contends that his right to remain silent was violated when trial counsel conceded his guilt on all charges

 B.) 1.) I did not raise any of these issues on direct appeal.

  2.) I raised all these issues on 3.850 post-conviction relief for ineffective assistance of trial counsel.

Name and location of court I filed the motion: Ninth Judicial Circuit of Orange County, Florida

Case No.#: 2011-CF-15194-A-0

Date of the Courts Decision: 08/08/2016

Result: Denied

  3.) I received an evidentiary hearing on this motion 07/31/2017

  4.) I appeal from the denial of post-conviction relief motion

  5.) I raised all these issues on this petition that I am arguing, in the appeal from denial of post-conviction relief.

  6.) Name and location, I filed appeal of denial of post-conviction relief: Fifth District Court of Appeal, of Daytona, Florida

Case No.#: 5D16-3223

Date of Court Decision: 04/26/2019

13.) A.) All grounds for relief that I have raised in this petition I presented to the highest state court having jurisdiction: Yes

B.) There is no ground on this petitioner I did not raise in the State.

14.) I have filed a petition in this federal court regarding the conviction that I challenge in this petition: yes

This petition is an amended petition under 28 USC 2254 for Writ of habeas Corpus, case No.#:6:20-CV-399-ORL-40LRH.

15.) I have a petition now pending in this Court

Case No.#: 6:20-CV-00399-PGB-LRH. Court: US District court, Middle District of Florida

16.) Name and address of each attorney who represented me in the following stages of judgment I am challenging: +

A.) Preliminary Hearing: Jeffrey Stone, 101 Sunny-town road, suite 310, Casselberry, Florida 32707

B.) Arraignment and plea: Jeffrey Stone, 101 Sunny-town road, suite 310, Casselberry, Florida 32707

C.) Trial: Jeffrey Stone, 101 Sunny-town road, suite 310, Casselberry, Florida 32707

D.) Sentencing; Jeffrey Stone, 101 Sunny-town road, suite 310, Casselberry, Florida 32707

E.) Appeal: Edwin R. Ivy, Box 3223, Orlando, Florida 32802

F.) Any Post-Conviction Proceedings: Pro Se

G.) On appeal from any ruling against my post-conviction proceedings: Harold Thompson, Esquire Denovo Law, P.A. Fl. Bar # 97355, 1007 Golden oak Court, Orlando Florida 32806

17.) I do not have any future sentence to serve after I complete the sentence for the judgment that I challenge.

18.) Timeliness of petition: Petitioner does not comprehend if one-year statute of limitations as contained in 28 USC 2244(d) bar his petition. Petitioner contends that his appellate attorney Harold Thompson deprived him of any untimeliness against him. Due to the appellate counsel being hired to file a motion for rehearing of the denial of petitioners 3.850 motion for post-conviction relief. Counsel filed a untimely motion for rehearing on 05/11/2019 in the wrong court having jurisdiction over defendants motion. Counsel notified petitioner that the motion was filed timely and properly. Petitioner contends that he did not find out about appellate counsel wrongful filing until the court issued a dismissal order of petitioner's motion that appellate counsel filed. (See Exhibit "A"). petitioner also contends that appellate counsel gave no normal via legal mail to him of any notice of motion being filed but only relied by conversation that the motion was filed timely and properly.

The time during which a properly filed application for state Post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall

not be counted toward any period of limitation under this subsection

Therefore, petitioner asks that the court grant the following relief: A new trial or any other relief to which petitioner may be entitled.

Respectfully Submitted,

/s/ *[signature]*

Marquies Allen Brisbane
DC# X64964
Florida State Prison – Main Unit
P.O. Box 800
Raiford, Florida 32083

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing motion has been placed in the hands of Florida State Prison Legal Mail Officer for mailing via U.S. Postal Service to: United States district Court Offices of the Clerk, US Courthouse 401 W. Central BLVD., Suite 1200, Orlando Florida 32801-0120 on this 5TH day of APRIL, 2020.

/s/ *[signature]*
Marquies Allen Brisbane
DC# X64964
Florida State Prison – Main Unit
P.O. Box 800
Raiford, Florida 32083